Joseph O. Collins, Jr.
Texas Bar No. 04625500
KESSLER & COLLINS, P.C.
2100 Ross Ave, Suite 750
Dallas, TX 75201
Phone: (214) 379-0722
Fax: (214) 373-4714
joc@kesslercollins.com

COUNSEL FOR KENNETH A. GOGGANS,
MAX ELGHANDOUR, AND KRISTOFFER R.
GOGGANS

SCOTT D. WEBER
Texas Bar No. 21044875
CALLOWAY, NORRIS, BURDETTE & WEBER, PLLC
3811 Turtle Creek Blvd., Suite 400
Dallas, Texas 75219
Phone: (214) 521-1520
Fax: (214) 521-2201
sdweber@cnbwlaw.com

COUNSEL FOR KIMBERLY GOGGANS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEADFAST RESOURCES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: _____ |
| | § | |
| KENNETH A. GOGGANS, | § | |
| RICHLAND RESOURCES CORP. | § | |
| d/b/a RRCH CORP., RICHLAND | § | |
| RESOURCES CORPORATION d/b/a | § | |
| RICHLAND INTERNATIONAL | § | |
| RESOURCES CORPORATION, | § | |
| MANEK ENERGY PRESSURE | § | |
| PUMPING, LLC, MANEK ENERGY, | § | |
| INC., MANEK EXPLORATION, INC., | § | |
| MANEK ENERGY HOLDINGS, INC., | § | |
| MANEK EQUIPMENT, INC. | § | |
| OILMAN SUPPLY CO., LLC, MAX | § | |
| ELGHANDOUR, KRISTOFFER R. | § | |

**DEFENDANTS' JOINT NOTICE OF REMOVAL -- Page 1**

| | |
|---|---|
| GOGGANS, AND KIMBERLY GOGGANS | § § § § |
| Defendants. | |

# DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants Kenneth A. Goggans, Max Elghandour, Kristoffer R. Goggans and Kimberly Goggans (collectively, the "Defendants"), pursuant to 28 U.S.C. § 1452(a) and FED.R.BANKR.P. 9027(a)(1), hereby give notice of the removal (the "Removal") of any and all claims and causes of action asserted against Defendants in Cause No. DC-13-06467 pending in the 193rd Judicial District Court of Dallas County, Texas, to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. As grounds for this Removal, Defendants respectfully submit the following:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Removed Action

1. This action was originally filed by Steadfast Resources, LLC (the "Plaintiff") against Defendants and Richland Resources Corp., a Nevada corporation, Richland Resources Corporation, a Delaware corporation, Manek Energy, Inc., Manek Equipment, Inc., Manek Exploration, Inc., Manek Energy Holdings, Inc., Manek Energy Precision Pumping, LLC. and Oilman Supply Co., LLC (collectively, the "Entity Defendants") on or about June 12, 2012, by the filing of Plaintiff Steadfast Resources, LLC's Original Petition and Application for Injunctive Relief (the "State Petition") in the 193rd Judicial District Court of Dallas County, Texas (the "Texas State Court"), which commenced that certain civil action styled *Steadfast Resources, LLC v. Kenneth A. Goggans et al.*, Cause No. DC-13-06467 (the "State Action"). True and correct copies of the State Petition and the accompanying summonses (the "Summons") are attached hereto as Exhibit "1." Plaintiff asserts

that it served each of the individual Defendants and each of the Entity Defendants the State Petition and Summons. Each of the Defendants and each of the Entity Defendants have filed responsive pleadings to the State Petition and served such responsive pleadings on the Plaintiff.

2.   Through the State Petition Plaintiff asserts against one or more of the Defendants and Entity Defendants various claims, including, without limitation claims for misappropriation and/or conversion of funds, fraudulent misrepresentation, statutory fraud and breach of contract. Plaintiff further seeks imposition of joint and several liability on the remaining Defendants and Entity Defendants based on theories of aiding and abetting, conspiracy, alter ego, veil piercing, agency and joint enterprise. Plaintiff seeks actual and exemplary damages, attorneys' fees and costs, the imposition of a constructive trust as to all Defendants and Entity Defendants on all proceeds, funds, property, or real property which they obtained through their respective acts and omissions as alleged, disgorgement and forfeiture. Finally, Plaintiff seeks injunctive relief.

3.   Plaintiff's claims arise out of a certain operating agreement entered by and between Plaintiff, Richland Resources Corp. and two other working interest owners with regard to the exploration and development of oil and gas properties in Leon County, Texas (the "Project"). Under this agreement Richland Resources Corp. acted as the operator of the wells drilled. Plaintiff generally alleges that the funds it contributed under the agreement upon cash calls and joint interest billings by Richland Resources Corp. were not used for the costs of the Project.

**B.   The Bankruptcy Cases**

4.   On December 9, 2013 (the "Petition Date") Richland Resources Corp., a Nevada corporation, Richland Resources Corporation, a Delaware corporation, Manek Energy, Inc., Manek Equipment, Inc., Manek Exploration, Inc., Manek Energy Holdings, Inc., Manek Energy Precision

**DEFENDANTS' JOINT NOTICE OF REMOVAL -- Page 3**

Pumping, LLC. and Oilman Supply Co., LLC each filed a voluntary petition (the "Bankruptcy Petitions") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing those certain bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "EDTEX Bankruptcy Court") styled *In re Richland Resource Corporation, a Delaware Corporation,* Case No. 13-42921; *In re Manek Energy, Inc.*, Case No. 13-42917; *In re Manek Exploration, Inc.*, Case No. 13-42918; and *In re Manek Energy Precision Pumping, LLC.*, Case No. 13-42922; (collectively, the "Bankruptcy Cases"). Richland Resources Corporation, a Nevada Corporation, Manek Energy Holdings, Inc., and Oilman Supply Co., which are related to the above companies, are in the process of filing bankruptcy petitions at the time of this removal, and an amended Notice of Removal will be filed after those additional entities have filed. A true and correct copy of the Bankruptcy Petitions are attached hereto as Exhibit "2"

C. **Estate Causes of Action**

5. A number of claims asserted by Plaintiff in the State Petition constitute property of one or more of the Entity Defendants' bankruptcy estates under 11 U.S.C. § 541. In addition, the bankruptcy estate of Richland Resources Corp. holds claims against Plaintiff that arise from the same facts and circumstances raised by Plaintiff in the State Petition, including, without limitation, breach of the parties' agreement for its failure to pay its pro rata share of joint interest billings. The bankruptcy estate of Richland Resources Corp. further holds claims against Plaintiff for the transfer by Richland Resources Corp. of more than 50% of its working interest in the Project for which Plaintiff paid no consideration nor attributed any value.

6. The EDTEX Bankruptcy Court has exclusive jurisdiction over all property of the Entity Defendants' bankruptcy estates. See, 28 U.S.C. § 1334(e).

**D.     Bankruptcy Jurisdiction**

7.     Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b) (federal district courts "have original jurisdiction of all civil proceedings . . . arising in or related to cases under title 11"). Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452.

8.     This action "arises in," or alternatively, is "related to" the Bankruptcy Case of Richland Resources Corp. that is now pending in the EDTEX Bankruptcy Court. Plaintiff, an alleged creditor of Richland Resources Corp., purports to assert claims for which relief belongs to the Richland Resources Corp.'s bankruptcy estate. Plaintiff bases its claims for relief on allegations that it provided Richland Resources Corp. funds pursuant to cash calls and joint interest billings, and that Richland Resources Corp. failed to use those funds for Project purposes. [State Petition, ¶ 18]. It alleges that Defendant Goggans caused the funds to be used for other purposes, including the purchase of equipment for Manek Energy Precision Pumping, LLC. [State Petition, ¶ 19]. As a consequence, any claims surrounding the transfer of funds by Richland Resources Corp. to third parties constitute claims and causes of action that constitute property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541(a) and 548. Plaintiff's factual allegations are further intertwined with other material facts which give rise to claims and causes of action which Richland Resources Corp. may assert against Plaintiff for Plaintiff's failure to (1) pay its portion of the joint interest billings to which it is obligation, and (2) attribute any value to that portion of Richland Resources Corp.'s working interest that it was assigned in February, 2013.

9. Given the claims asserted by Plaintiff and the claims which the bankruptcy estate holds against Plaintiff, this Court is vested with jurisdiction over such claims in accordance with 28 U.S.C. § 1334(b).

10. Upon removal, the State Action involves both core and non-core proceedings. This action involves a turnover action, the allowance and disallowance of claims against the estates, matters affecting the debtor-creditor relationship, and the administration of the Bankruptcy Cases; consequently, this action is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (E) and (O). To the extent the Court determines this action to be a non-core proceeding, Defendants consent to entry of final orders by a bankruptcy judge.

**E.     Notice**

11. Pursuant to FED.R.BANKR.P. 9027(b), Plaintiff is being served with this Notice of Removal per the attached Certificate of Service. In accordance with FED.R.BANKR.P. 9027(c), a copy of this Notice of Removal is being filed with the Clerk of the 193rd Judicial District Court of Dallas County, Texas.

**F.     Process and Pleadings**

12. True and correct copies of all pleadings, process and orders which have been filed to date in the State Action along with the State Action's docket sheet are attached hereto as Exhibit "3."

13. A list of all counsel of record, including names, addresses, telephone numbers and parties represented, is attached hereto as Exhibit "4."

G. **Reservation of Rights**

14. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

## V. **PRAYER**

WHEREFORE, Defendants pray that the State Action be removed to this Court and Plaintiff is hereby notified to proceed no further against the Defendants in the State Action.

Respectfully Submitted,

/s/ Joseph O. Collins, Jr.
JOSEPH O. COLLINS, JR.
Texas Bar No. 04625500
KESSLER & COLLINS, P.C.
2100 Ross Ave, Suite 750
Dallas, TX 75201
Phone: (214) 379-0722
Fax: (214) 373-4714
joc@kesslercollins.com

*COUNSEL FOR KENNETH A. GOGGANS, MAX ELGHANDOUR, KRISTOFFER R. GOGGANS*

-And -

/s/ Scott D. Weber
SCOTT D. WEBER
Texas Bar No. 21044875
CALLOWAY, NORRIS, BURDETTE & WEBER, PLLC
3811 Turtle Creek Blvd., Suite 400
Dallas, Texas 75219
Phone: (214) 521-1520
Fax: (214) 521-2201
sdweber@cnbwlaw.com

*COUNSEL FOR DEFENDANT KIMBERLY GOGGANS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via United States certified mail, return receipt requested, on this the 9th day of December, 2013.

Kathleen Cynthia Pickett
Kathleen Cynthia Pickett, P.C. and
600 Travis Street, Ste. 4700
Houston, Texas 77002

Christopher N. Hackerman
Doyle, Restrepo, Harvin & Robbins, LLP
600 Travis Street, Ste. 4700
Houston, Texas 77002

Bart Dalton
J. Michael Ellis
Crouch & Ramey, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201

Albert Black, III
1133 South Madison Avenue
Dallas, Texas 75208

/s/ Joseph O. Collins, Jr.
Joseph O. Collins, Jr.