Kathleen Cynthia Pickett
Texas State Bar No. 15980500
Fed. ID No. 5745
Christopher N. Hackerman
Texas State Bar No. 00796686
Fed. ID No. 20997
DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
440 Louisiana, Suite 2300
Houston, Texas 77002
Phone: (713) 228-5100
Fax: (713) 228-6138
Email: cpickett@drhrlaw.com
Email: chackerman@drhrlaw.com

ATTORNEYS FOR PLAINTIFF
STEADFAST RESOURCES, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEADFAST RESOURCES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adv. Proceeding No.: 13-03260-bjh |
| | § | |
| KENNETH A. GOGGANS, | § | |
| RICHLAND RESOURCES CORP. | § | |
| d/b/a RRCH CORP., RICHLAND | § | |
| RESOURCES CORPORATION d/b/a | § | |
| RICHLAND INTERNATIONAL | § | |
| RESOURCES CORPORATION, | § | |
| MANEK ENERGY PRESSURE | § | |
| PUMPING, LLC, MANEK ENERGY, | § | |
| INC., MANEK EXPLORATION, INC., | § | |
| MANEK ENERGY HOLDINGS, INC., | § | |
| MANEK EQUIPMENT, INC., OILMAN | § | |
| SUPPLY CO., LLC, MAX ELGHANDOUR, | § | |
| KRISTOFFER R. GOGGANS, AND | § | |
| KIMBERLY GOGGANS | § | |

|   |   |
|---|---|
| Defendants. | § §  |

# STEADFAST RESOURCES, LLC'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL AMENDED JOINT NOTICE OF REMOVAL

Steadfast Resources, LLC ("Steadfast") files this response asking the Court to deny the joint motion for leave to file a supplemental amended joint notice of removal ("Motion") filed by Defendants Kenneth A. Goggans, Max Elghandour, Kristoffer R. Goggans, and Kimberly Goggans (collectively, "Defendants"), as well as any joinders in such motion, including that of Richland Resources Corp. d/b/a RRCH Corp. Defendants are well past the allotted time for amending a notice of removal. Additionally, Defendants seek to add diversity as a ground for removal when the forum defendant rule precludes removal on a diversity basis. Accordingly, Defendants cannot assert diversity as a ground for removal, and their Motion should be denied. In support of this relief, Steadfast would show as follows:

## Procedural Background

1. On June 12, 2013, Steadfast filed a lawsuit in Dallas County, Texas, against Defendant Kenneth Goggans ("Kenneth"), the other individual Defendants Max Elghandour, Kristoffer R. Goggans, and Kimberly Goggans, and the Debtor Defendants, involving a massive fraud in which they individually misappropriated funds intended to be

Steadfast Resources, LLC's Response to Defendants' Motion for Leave to File Supplemental Amended Joint Notice of Removal

2

used in connection with certain leases, wells, equipment and other properties in Leon County, Texas (the "Oil and Gas Properties").[1]

2. On December 9, 2013, Steadfast's motion to compel documents and a deposition was set for hearing with the state trial court. To avoid this imminent relief against himself and the additional undeniable evidence of his fraud, Kenneth filed for bankruptcy protection on behalf of the Debtor Defendants that very same day, thus halting the state court's actions before any relief could be awarded.

3. However, the individual Defendants did not file for bankruptcy protection. Instead, seeking to avoid being held to account for their individual torts, including fraud and misappropriation, they filed a Joint Notice of Removal purporting to remove Steadfast's claims against them from Texas state court to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The individual Defendants' removal is untimely given the well established procedures for removing a state court action to federal court within thirty days after service of the lawsuit (*see* 28 U.S.C. § 1446(b)(1)).[2]

4. On December 10, 2013, the individual Defendants amended their joint notice of removal. *See* Exhibit 1. The sole ground for removal asserted by Defendants is 28 U.S.C. § 1334(b), which provides for federal jurisdiction of civil matters when they "aris[e]

---

[1] No. CD-13-06467; *Steadfast Resources, LLC v. Goggans, et al.*; In the 193rd Judicial District Court, Dallas County, Texas.

[2] Service had been accomplished several months before, in June 2013.

Steadfast Resources, LLC's Response to Defendants' Motion for Leave       3
to File Supplemental Amended Joint Notice of Removal

in or related to cases under title 11."[3]  At no time have Defendants ever asserted diversity as a ground for removal.

5. On February 19, 2014, over two months later, Defendants filed the Motion at issue, seeking leave of Court to amend their joint notice of removal for the specific purpose of pleading diversity of citizenship as a ground for removal.  *See* Motion, p. 3.

## Argument and Authorities

6. Steadfast incorporates by reference and re-asserts the arguments provided in detail in its Motion to Remand or Abstain, and Brief in Support Thereof, currently pending in this Court.

7. In addition to the arguments asserted in the Motion to Remand, an even more fundamental issue precludes Defendants from amending their notice of removal because Defendants are all Texas citizens.  Citizens of the forum state cannot remove to federal court on the basis of diversity.  *See* 28 U.S.C. § 1441(b)(2); *Bank of Am., N.A. v. Schwartz*, 3:13-CV-3259-O, 2014 WL 444011 (N.D. Tex. Feb. 4, 2014) ("The forum-defendant rule, however, provides that removal based solely on diversity jurisdiction is not permitted if any one of the defendants is a citizen of the State in which such action is brought.").

8. Citizenship for the purpose of a diversity analysis is determined by the state in which a person is domiciled.  *See Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 767 (S.D. Tex. 2007).  Residency is *prima facie* evidence of domicile.

---

[3] Steadfast disagrees that jurisdiction is provided under 28 U.S.C. §1334(b).  *See* Steadfast's Motion to Remand or Abstain and Brief in Support Thereof, filed January 31, 2014.

*See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile."). All of the individual Defendants reside in Texas, as conceded in their Joint Motion for Transfer of Venue. *See* Joint Motion for Transfer of Venue, pp. 13-14. In fact, Defendants expressly seek a transfer of venue, in part, because they claim that the Eastern District of Texas is a more convenient forum given their residences. Thus, all the individual Defendants are Texas citizens. As such, they cannot cite diversity as a ground for removal. The Motion should be denied.

9. The Motion should be denied for the additional reason that it is untimely because the law prohibits the amendment of a notice of removal after thirty days. *See Fantroy v. Dallas Area Rapid Transit*, 3:13-CV-0345-K, 2013 WL 2284879 (N.D. Tex. May 23, 2013) ("A defendant is free to amend the notice of removal within the thirty day period under 28 U.S.C. § 1446(b)….However, after the thirty day period has expired, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653. Section 1653 permits amendments to cure technical defects in the jurisdictional allegations; it does not permit an amendment which adds an entirely different jurisdictional basis for the removal."). Defendants erroneously argue that Federal Rule of Bankruptcy Procedure 9027 should be applied to permit amendment for up to ninety days after the initial removal, but they cite no binding authority for this proposition.

WHEREFORE, Plaintiff Steadfast Resources, LLC respectfully requests that this Court deny Defendants' Motion For Leave to File Supplemental Amended Joint Notice of

Removal, as well as any joinders in such motion, including that of Richland Resources Corp. d/b/a RRCH Corp., and for such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        DOYLE, RESTREPO, HARVIN & ROBBINS, LLP

        By: /s/ Christopher N. Hackerman
            Kathleen Cynthia Pickett
            Texas State Bar No. 15980500
            Fed. ID No. 5745
            Christopher N. Hackerman
            Texas State Bar No. 00796686
            Fed. ID No. 20997
            N. Kimberly Hoesl
            Texas State Bar No. 24040540
            Admitted *Pro Hac Vice*

        440 Louisiana, Suite 2300
        Houston, Texas 77002
        Phone: (713) 228-5100
        Fax: (713) 228-6138
        Email: cpickett@drhrlaw.com
        Email: chackerman@drhrlaw.com

        ATTORNEYS FOR PLAINTIFF
        STEADFAST RESOURCES, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF System on counsel of record on March 17, 2014.

        /s/ Christopher N. Hackerman
        Christopher N. Hackerman

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| STEADFAST RESOURCES, LLC | § | |
| | § | |
|     Plaintiff, | § | |
| v. | § | Adv. Proceeding No.: 13-03260-bjh |
| | § | |
| KENNETH A. GOGGANS, | § | |
| RICHLAND RESOURCES CORP. | § | |
| d/b/a RRCH CORP., RICHLAND | § | |
| RESOURCES CORPORATION d/b/a | § | |
| RICHLAND INTERNATIONAL | § | |
| RESOURCES CORPORATION, | § | |
| MANEK ENERGY PRESSURE | § | |
| PUMPING, LLC, MANEK ENERGY, | § | |
| INC., MANEK EXPLORATION, INC., | § | |
| MANEK ENERGY HOLDINGS, INC., | § | |
| MANEK EQUIPMENT, INC., OILMAN | § | |

| | |
|---|---|
| SUPPLY CO., LLC, MAX ELGHANDOUR, | § |
| KRISTOFFER R. GOGGANS, AND | § |
| KIMBERLY GOGGANS | § |
| | § |
| Defendants. | § |

## ORDER DENYING JOINT MOTION FOR TRANSFER OF VENUE

On this day the Court considered Defendants Kenneth A. Goggans, Max Elghandour, Kristoffer R. Goggans, and Kimberly Goggans' (collectively, "Defendants") "Motion For Leave to File Supplemental Amended Joint Notice of Removal" ("Motion"). After reviewing same and any joinders in such motion, including that of Richland Resources Corp. d/b/a RRCH Corp., this Court is of the opinion that the Motion and any such joinders should be DENIED.  It is therefore

ORDERED that Defendants' Motion For Leave to File Supplemental Amended Joint Notice of Removal, and any joinders in such motion, including that of Richland Resources Corp. d/b/a RRCH Corp., are hereby DENIED.

### # # #  END OF ORDER  # # #

Submitted by:

DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.


By: /s/ Christopher N. Hackerman
Christopher N. Hackerman

ATTORNEYS FOR PLAINTIFF
STEADFAST RESOURCES, LLC